**BELL COLD STORAGE, INC., a Minnesota corporation, Plaintiff,**

v.

**OVER–THE–ROAD CITY TRANSFER, COLD STORAGE, GROCERY & MARKET DRIVERS, HELPERS & INSIDE EMPLOYEES UNION, LOCAL NO. 544, Defendant.**

Civ. No. 4–87–563.

United States District Court,
D. Minnesota,
Fourth Division.

Nov. 16, 1987.

David J. Duddleston, Minneapolis, Minn., for plaintiff.

Martin J. Costello, and Carol Baldwin, Peterson, Bell, Converse & Jensen, St. Paul, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Bell Cold Storage, Inc. (Bell) brings this action to vacate an arbitration award in a labor dispute with the defendant, Over–The–Road, City Transfer, Cold Storage, Grocery and Market Drivers, Helpers and Inside Employees Union, Local No. 544 (the Union). Bell also seeks a preliminary injunction to enjoin arbitration of the underlying dispute until this action is resolved. The Union opposes each motion and seeks dismissal of the plaintiff's claims and a declaration that the dispute is arbitrable.[1] Jurisdiction is alleged under 29 U.S.C. § 185, the Labor Management Relations Act, and 28 U.S.C. § 2201, the Declaratory Judgment Act.

Bell is a Minnesota corporation which owns and operates two cold storage warehouses, one in Brooklyn Park, Minnesota and one in St. Paul. On April 19, 1986, Bell closed a warehouse in Minneapolis. The Union is a local office of the Teamsters Union which represents Bell employees in the St. Paul facility. Both the St. Paul and Minneapolis shops have a collective bargaining agreement in place through May 1, 1988. The Brooklyn Park employees are not unionized, but the Union wishes to extend the Minneapolis contract to those workers and to require Bell to post bids for the jobs in the new Brooklyn Park facility. That effort is the source of the dispute presently before the court.

In January 1986, the Union filed grievances against Bell pursuant to the collective bargaining agreement,[2] charging Bell with refusing to recognize the Union's representation of the Brooklyn Park employees. The Union claims that this dispute comes within the terms of the 1985–88 Minneapolis contract, Article XIII, Adjustment of Grievances, which states that: "any dispute or complaint aris[ing] over the interpretation or application of this Agreement ... [is subject to arbitration]." Thus, the Union asserts that extending the Minneapolis contract to Brooklyn Park employees is an issue appropriately resolved under a grievance procedure, including mandatory arbitration. It argues that Bell's removal of jobs to Brooklyn Park is a "plant removal" issue which is traditionally the subject of arbitration rather than National Labor Relations Board (NLRB) action.

In response Bell asserts that the dispute is not the proper subject of the grievance procedure, but is instead fundamentally a recognitional matter. It argues that nothing in the contract or bargaining history supports the Union's claim that the Brooklyn Park employees should be brought under the agreement negotiated for the former Minneapolis plant. Rather, since the issue is recognitional, its resolution properly rests with the NLRB, not an arbitrator.

Bell therefore refused to arbitrate the grievance, charging that it was outside the scope of the grievance procedure. Instead, Bell petitioned the NLRB to investigate what it terms a "recognitional claim" over the Brooklyn Park employees. On October 16, 1986, the NLRB issued an Order vacating the claimed notice of representation initiated by Bell, concluding that the Union's claim constituted a demand for accretion rather than for recognition. See Order Vacating Notice of Representation Hearing and Dismissing Petition, Case 18,RM–1247, Ronald M. Sharp, Regional Director NLRB, October 16, 1986.

---

1. At the hearing, the Union withdrew its motion for dismissal for insufficiency of service of process under Fed.R.Civ.P. 4(d)(3).

2. The arbitration involves two separate grievances which together charge violation of nearly every article of the contract, but the basic thrust is to require Bell to acknowledge the union's representation of the Brooklyn Park employees. See Arbitrator's Award, p. 3, May 26, 1987.

The Union also filed a charge with the NLRB alleging that Bell violated the National Labor Relations Act, §§ 8(a)(1), (3), and (5), by firing Minneapolis workers and refusing to transfer them or rehire them at the Brooklyn Park facility. That case was also dismissed by the NLRB after an investigation failed to substantiate the charge. *See* Letter of Ronald M. Sharp, NLRB Regional Director, Oct. 20, 1986, Appendix to the Complaint.

Concurrent with these NLRB proceedings, the Union filed suit in Minnesota District Court seeking an order compelling Bell to arbitrate the grievance. Bell's motion to remove that action to this court was denied as untimely.[3] On September 10, 1986, the state court ordered Bell to submit to arbitration pursuant to the collective bargaining agreement.[4]

Arbitrator John W. Boyer, Jr. was selected to arbitrate the grievances. After some dispute about the timing and format of the arbitration hearings, the parties agreed to a two-session bifurcated arbitration. The first hearing, held on April 20, 1987, dealt solely with determining whether the underlying issues were arbitrable under the contract. The parties reserved any discussion of the merits for the second session. Arbitrator Boyle subsequently ruled that the dispute was indeed the proper subject of arbitration under the contract,[5] and a second session was scheduled. The matter presently before the court concerns this first arbitration award and does not reach the merits of the underlying dispute.

*Bell's Motion to Vacate*

Bell claims entitlement to a federal forum for resolution of this arbitrability issue, arguing that the state court might fail to apply federal labor law. With this argument Bell ignores, however, the well-settled doctrine that suits for violation of contract between an employer and a union may be brought in either state or federal court. *Humphrey v. Moore*, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); *Charles Dowd Box Co., Inc. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).

In a similar vein, Bell argues that the arbitration award should be vacated because the state order compelling arbitration was based on the Minnesota Uniform Arbitration Act, Minn.Stat. § 572.08 *et seq.*, which Bell claims is preempted by federal law insofar as it applies to labor relations. Bell is correct in asserting that state courts must apply federal law to interpret and enforce collective bargaining agreements. *See Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). The distinction between state and federal law is not so sharply drawn as Bell implies, however. The Labor Management Relations Act, 29 U.S.C. § 185, Taft Hartley section 301(a), permits federal courts to fashion a body of federal law for addressing labor disputes, including interpreting arbitration agreements. *See Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 457, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957). And, in determining this area of federal law, federal courts may look to state law as a source. *See Local 1416, International Association of Machinists AFL–CIO v. Jostens, Inc.*, 250 F.Supp. 496 (D.Minn. 1966),[6] (adopted Minnesota Uniform Arbitration Act as part of federal law as it is compatible with the purposes of § 301).

Another theory proposed by Bell for vacating the preliminary arbitration award is that the state court had no jurisdiction. Bell claims the dispute centers on "representational" issues controlled by the Labor Management Relations Act, which should be resolved by the NLRB. *Local Union 204, etc. v. Iowa Electric Light and Power Co.*, 668 F.2d 413 (8th Cir.1982), (jurisdic-

---

**3.** *Over–the–Road, etc. v. Bell Cold Storage*, Memorandum Opinion and Order, Civ. No. 4–86–799 (D.Minn. Nov. 6, 1986).

**4.** Hennepin County District Court, the Honorable Jonathan Lebedoff presiding, File No. DC86–11432, Sept. 10, 1986.

**5.** *In Re Arbitration Between Over–The–Road v. Bell Cold Storage, Inc.*, FMCS No. 86K 15141, May 26, 1987.

**6.** This case was cited in the state court's order.

tion depends on whether the case is primarily representational or contractual). According to an NLRB letter which Bell attached as an Appendix to its Memorandum, however, the representational issue has already been decided by the NLRB, which rejected Bell's recognition claim. The NLRB found that the Union's demand was more like an accretion than a demand for recognition. NLRB Order October 16, 1987 *supra.*

Finally, Bell urges the court to vacate the arbitration award because the determination of arbitrability should be made in the first instance by a court instead of an arbitrator. *AT & T Technologies v. CWA*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (arbitrator should not be permitted to usurp a judicial function by determining the extent of its jurisdiction). In *AT & T Technologies*, the Supreme Court stated four principles to be applied in measuring the scope of an arbitration clause:

> First, "[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit...." (citations omitted);
>
> Second, "[T]he question of arbitrability—whether a collective bargaining agreement creates a duty for the parties to arbitrate the particular grievance—is undeniably an issue for judicial determination...." (citations omitted);
>
> Third, "[I]n deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the merits of the underlying claim...." (citations omitted); and
>
> Fourth, "[W]here ... the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (citations omitted).

*AT & T Technologies*, 106 S.Ct. at 1418–19.

The claim that arbitrability was determined by the wrong forum is misguided, however. Although the arbitrator ruled that the dispute was arbitrable, that determination was made in the first instance not by the arbitrator but by the state district court. The state court's Memorandum and Order states:

> [T]he application of these standards [delineating when a dispute is arbitrable] requires arbitration. The parties' agreement does not limit arbitration of this type of dispute in any way. Based on the foregoing, the plaintiff's motion to compel arbitration is granted.

Memorandum and Order, File No. D.C. 86–11432, p. 3, Sept. 10, 1986.

The initial determination of arbitrability was thus made by a court, as required by *AT & T Technologies*. The arbitrator's award following the first session of the bifurcated hearing was merely a reaffirmation of the state district court Order. Bell's action to vacate the arbitration award must therefore fail.

*Bell's Claim for Injunctive Relief*

Part of the relief sought by Bell is a preliminary injunction, enjoining any further arbitration until a final determination is made in this action. Because this Order disposes of the entire case, the motion for injunctive relief is moot.

*The Union's Motion to Confirm the Arbitration Award*

The Union seeks not only dismissal of Bell's claims for declaratory and injunctive relief, but also an order confirming the arbitration award. It urges this court to make a de novo determination that the dispute is arbitrable, arguing it was not necessary for a court to decide arbitrability in the first instance because the plaintiffs voluntarily submitted that issue to the arbitrator and vested him with authority to decide it. The question of arbitrability was appropriately decided by the state court, however. *AT & T Technologies*, 106 S.Ct. at 1418–19. Moreover, the motion to confirm is untimely. The Union concedes that the arbitrability issue is not properly reviewable until the arbitrator decides the entire matter. Defendant's Memorandum, August 19, 1987, p. 6, *citing Public Service Electric Gas Co. v. System Council U-2, Intern. Brotherhood of Electrical Work-*

*ers, AFL–CIO,* 703 F.2d 68 (3rd Cir.1983). Once a final arbitration award has been issued either party may move to vacate the award on any ground. *In re Pacific Coast District No. 1 Marine Engineers' Beneficial Ass'n,* 723 F.2d 70 (D.C. Cir.1983); *Minnesota Education Association v. Independent School District, No. 495,* 290 N.W.2d 627 (Minn.1980). It serves both comity and efficiency for this court to refrain from intervening in a nonfinal arbitration. Because the arbitration is not yet final, the Union's motion to confirm the arbitration award should be denied.

Because this result disposes of the entire action, it is unnecessary to address other issues raised by the parties.

Accordingly, based on the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate the arbitration award dated May 26, 1987 is denied;

2. Plaintiff's action for injunctive, declaratory, and other relief is hereby dismissed; and

3. Defendant's motion to confirm the arbitration award is denied.