**AMERICAN POSTAL WORKERS UNION, AFL–CIO, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

Civ. A. No. 92–1659.

United States District Court, District of Columbia.

Aug. 23, 1993.

Darryl J. Anderson, O'Donnell, Schwartz & Anderson, Washington, DC, for plaintiff.

Barbara Van Gelder, Asst. U.S. Atty., Washington, DC, for defendant.

MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

In this action, plaintiff seeks to enforce an arbitration award settling an employment dispute between the United States Postal Service and one of its employees, Barbara Miller. Currently before the Court are defendant's Motion to Dismiss or for Summary Judgment and plaintiff's Motion for Summary Judgment, the oppositions, and the replies thereto. For the reasons given below,

we grant defendant's motion and deny plaintiff's motion.

## I. *Background*

This case concerns an arbitration decision entered on January 16, 1992. The parties are in disagreement over the terms of that decision and the actions this Court may take in enforcing that decision.

The following facts are not in dispute. Plaintiff American Postal Workers Union ("APWU") and defendant United States Postal Service ("USPS") are parties to a Collective Bargaining Agreement ("Agreement") which establishes the terms and conditions of employment for USPS employees belonging to the APWU. That Agreement also establishes a four-step grievance procedure leading to arbitration before a neutral arbitrator in the event of employment disputes. Article 15, Section 4.46 of the Agreement provides that "[a]ll decisions of an arbitrator will be final and binding." *See* Plaintiff's Statement of Material Facts As To Which There Is No Genuine Issue ("Pl's Statement") ¶ 6.

On January 29, 1991, the USPS placed postal clerk Barbara Miller on administrative leave after suspecting that Ms. Miller had misappropriated postal funds. An investigation of the possible misappropriation was conducted by the U.S. Postal Service Inspection Service. Based on the Inspection Service's findings that Ms. Miller had, in fact, misappropriated postal funds on six different occasions, the USPS terminated Ms. Miller's employment on April 5, 1991.

The APWU filed a grievance on behalf of Ms. Miller, challenging both defendant's placement of Ms. Miller on administrative leave and termination of her employment. Plaintiff APWU contested the termination on the grounds that USPS, in relying on the Inspection Services findings, had failed to make the requisite independent investigation involving an interview with Ms. Miller. The grievance proceeded to hearings before Arbitrator Charlotte Gold on October 16, 1991 and January 13, 1992.

In a decision issued January 16, 1992, Case No. S7C–3D–D 38401, Arbitrator Gold sustained plaintiff's grievance, finding that an extensive body of arbitral decisions in the Postal Service holds that

> reliance solely on the Inspection Service's Memorandum is a violation of the just cause principle.[1] Just cause for discipline is a basic requirement of the National Agreement and Arbitrators have found that the failure to abide by this important principle constitutes grounds for overturning discipline....
>
> Where such a lapse occurs, a dispute such as this is decided purely on procedural grounds and the Arbitrator never reaches the merits of the case (in this instance, the question of whether the Grievant was responsible for misappropriating Postal funds). It goes without saying that under these circumstances, a less than meritorious grievance may well be sustained and an employee who does not deserve to be retained by the Postal Service is returned to work. That is the inevitable outcome, however, where fundamental rights are not provided.
>
> Because Management did not act with just cause in this instance, the Grievant shall be returned to work with full backpay and all other rights restored.

Def.Exh. 1 at 6–7.

Following the Arbitrator's decision, the USPS sought to process the backpay award and to correct the procedural errors identified by the Arbitrator. Ms. Miller was told to report to her supervisor for a predisciplinary interview on March 2, 1992. After Ms. Miller failed to appear for that interview, the USPS sent her a second Notice of Removal, effective April 18, 1992. The second notice provided two reasons for the termination: the first was identical to the charges of misappropriation of funds listed in the former notice of termination, and the second was

---

1. Article 16, Section 1 of the Collective Bargaining Agreement provides that "[n]o employee may be disciplined or discharged except for just cause...." Pl's Statement ¶ 6. The Arbitrator therefore considered the questions: "Was the removal of the Grievant for just cause? If not, what is the appropriate remedy?" Defendant's Exhibit ("Def.Exh.") 1 at 4.

Ms. Miller's failure to appear at the March 2, 1992 interview.

Plaintiff filed a grievance on April 7, 1992, challenging Ms. Miller's second Notice of Removal on the grounds that the January 1992 arbitration award precluded defendant from again attempting to terminate plaintiff's employment. That grievance is pending for disposition at the national level and has not yet been scheduled for arbitration. *See* Second Declaration of Thomas A. Neill ("Neill Decl.") ¶ 6.

Plaintiff also filed a Complaint with this Court on July 16, 1992 for declaratory and injunctive relief to enforce Arbitrator Gold's decision of January 16, 1992. As in its second grievance, plaintiff contends that Arbitrator Gold's decision was a final decision on the merits and, therefore, one which this Court should enforce. Presently before this Court are defendant's Motion to Dismiss or in the Alternative for Summary Judgment, and plaintiff's Motion for Summary Judgment.

*Discussion*

■ It is well established that this Court has jurisdiction under Chapter 12 of the Postal Reorganization Act, 39 U.S.C. § 1208(b), to enforce arbitration awards which are final decisions on the merits and are consistent with the terms of the Collective Bargaining Agreement. *See W.R. Grace & Co. v. Rubber Workers Local 759*, 461 U.S. 757, 764, 103 S.Ct. 2177, 2182, 76 L.Ed.2d 298 (1982).[2]

The central question before us, however, is whether the Arbitrator's decision was, in fact, such a final decision.[3] Plaintiff contends that the Arbitrator unambiguously held that there was no "just cause" for Ms. Miller's termination as a result of the procedural defect in reviewing her case. *See* Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss or for Summary Judgment, and in Support of Plaintiff's Motion for Summary Judgment ("Pl.Motion") at 2. This finding, plaintiff concludes, is a final decision which this Court must enforce and which bars defendant's second removal action. *Id.* at 3.

Defendant, on the other hand, maintains that the decision did not reach the merits of the case but merely pointed to a procedural error which the Arbitrator presumed would be cured. *See* Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.Motion") at 3–4. Defendant further argues that whether or not the case reached the merits is a question for arbitration and not for this Court.[4] *Id.* at 5. We agree with defendant that this issue should be addressed by an arbitrator.

■ First, as a matter of policy, we are reluctant to determine the intent of Arbitra-

2. The Postal Reorganization Act provides, in relevant part, that

> Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy. 39 U.S.C. § 1208(b). While the statute does not explicitly provide for enforcement of arbitration awards by federal courts, the Supreme Court has noted its similarity to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), which does provide for enforcement of such awards. *See Bowen v. United States Postal Service*, 459 U.S. 212, 232 n. 2, 103 S.Ct. 588, 600 n. 2, 74 L.Ed.2d 402 (1983) (White, J., dissenting); *see also National Ass'n of Letter Carriers v. United States Postal Service*, 590 F.2d 1171, 1174 (D.C.Cir.1978).

3. There is also a secondary question regarding the nature of the award. Plaintiff contends that the Arbitrator unambiguously called for Ms. Miller's reinstatement and that this Court should issue an injunction enforcing that decree. *See* Pl.Motion at 6. Defendant, on the other hand, maintains that the award required only back pay, a requirement it has already satisfied. *See* Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Def.Opp.") at 6–7. Only if this Court agreed that it could enforce Arbitrator Gold's opinion, would we address this issue.

4. Defendant argues that the APWU may not seek a judicial remedy resolving this question without first exhausting its administrative remedies. *See* Def.Motion at 5. Since the question of whether Arbitrator Gold's decision precludes the second notice of removal is already being considered through the grievance process, defendant would have this Court dismiss the present action. *Id.* at 6.

tor Gold's opinion. Such a determination is better left to arbitration since that is the forum selected by the parties for resolving labor disputes. "Federal courts are bound to exercise the utmost restraint to avoid intruding on the bargained-for method of dispute resolution and when enforcement of an arbitration award or settlement agreement is sought under Section 301, the court must be able to say 'with positive assurance' that the award or settlement was intended to cover the dispute." *United Mine Workers of America District No. 5 v. Consolidation Coal Co.*, 666 F.2d 806, 811 (3d Cir.1981) (citation omitted).

We cannot say "with positive assurance" that the case was decided on the merits. Determination of "just cause" is a thorny issue. Many arbitrators, in reviewing prior findings of procedural deficiencies, have determined that there was *no* decision on the merits. In fact, plaintiff itself noted that four of the seven opinions it found on the subject determined that there was no decision on the merits where procedural deficiencies were found. *See* Neill Decl. ¶ 2, 3 (citing Cases No. DR–31–88, S7C–3C–D 33937, and S7C–3C–D 18102 supporting the union's position, and Cases No. N1C–1J–D 24230/N1C–1J–D 24907, AC–C–26326–D, S7N–3N–D 38398, and SON–3W–D 6249 supporting defendant's position).

More importantly, we also find that plaintiff has failed to exhaust its administrative remedies in determining the intent of Arbitrator Gold's opinion. When a collective bargaining agreement contains a grievance and arbitration process, the employee must exhaust those procedures before resorting to the court with a claim of breach of that agreement. *See Allis–Chalmers v. Lueck*, 471 U.S. 202, 220–21, 105 S.Ct. 1904, 1915–16, 85 L.Ed.2d 206 (1985); *Sanders v. Washing-*

*ton Metro. Area Transit Auth.*, 819 F.2d 1151, 1158 (D.C.Cir.1987) ("employees who failed to exhaust the grievance and arbitration proceedings, available to them, may not seek redress in court on claims that could and should have been grieved.").[5]

In this particular case, the APWU has raised a new question which was not before Arbitrator Gold. The first grievance was whether there was "just cause" for the grievant's removal. The second grievance concerns the import of Arbitrator Gold's decision, namely whether it was a decision on the merits. Because there is no identicality of issues, *res judicata* and collateral estoppel do not apply. There is no bar to litigating the second issue and plaintiff must exhaust the administrative process before presenting the issue to this Court.[6]

Accordingly, we find that this Court lacks jurisdiction to hear this action at this time. We therefore deny plaintiff's Motion for Summary Judgment and grant defendant's Motion to Dismiss. An Order in accordance with the above has been entered this day.

## ORDER

Upon consideration of defendant's Motion to Dismiss or for Summary Judgment, plaintiff's Motion for Summary Judgment, and the opposition and replies thereto, and the entire record herein, and for the reasons stated in an accompanying Memorandum Opinion entered this day, it is by the Court this 23rd day of August, 1993,

ORDERED that defendant's Motion to Dismiss is granted; and it is

ORDERED that plaintiff's Motion for Summary Judgment is denied; and it is

---

5. Notably, all the cases submitted by the APWU reviewing whether there was a "just cause" determination were decisions by arbitrators and not by federal court judges.

6. As mentioned above, the intent of Arbitrator Gold's opinion is already being grieved. In its Step 2 Grievance Appeal Form following the second Notice of Removal, the APWU opined that subsequent efforts to terminate Ms. Miller's employment were barred by the doctrines of *col-*

*lateral estoppel, stare decisis,* and *res judicata* because the merits of the case had already been decided by Arbitrator Gold. *See* Def.Exh. 6 at 2. That appeal is now at Step 4 of the grievance process and, if not resolved at the level, will be scheduled for hearing before an arbitrator. *See* Neill Decl. ¶ 6. Because there has been no final decision before the arbitrator on this grievance, the APWU has not exhausted its remedies.

FURTHER ORDERED that the case shall be dismissed with prejudice.