**The BANK OF CANTON, LTD.,**
**Plaintiff–Appellee,**

v.

**REPUBLIC NATIONAL BANK OF NEW YORK, Defendant–Third Party Plaintiff–Appellant,**

v.

**SHARP INTERNATIONAL CORP.,** Third Party Defendant–Appellee.

**No. 531, Docket 80–7665.**

United States Court of Appeals, Second Circuit.

Argued Dec. 15, 1980.

Decided Dec. 19, 1980.

---

Jonathan L. Sulds, New York City (Herman E. Cooper, P.C., New York City, of counsel), for defendant–third party plaintiff–appellant.

Charles E. McTiernan, Jr., New York City (Richard J. Concannon, Kelley Drye & Warren, New York City, of counsel), for plaintiff–appellee.

Before MANSFIELD and NEWMAN, Circuit Judges, and CARTER, District Judge.*

PER CURIAM:

Republic National Bank of New York ("RNB") appeals from an order of the District Court for the Southern District of New York entered on July 9, 1980, by Judge

* Of the United States District Court for the Southern District of New York, sitting by designation.

Charles S. Haight, Jr. (1) granting summary judgment in favor of The Bank of Canton, Ltd. ("BC") for damages based on RNB's dishonoring of drafts presented upon a letter of credit issued by RNB, which BC had negotiated, and (2) denying RNB's cross–motion for summary judgment. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332(a), and on 12 U.S.C. § 632, which confers federal jurisdiction over civil suits arising out of a transaction involving international banking to which a national bank is a party.

RNB dishonored the letter of credit because of several alleged discrepancies in documentation. After a careful review of the record we are satisfied, for the reasons stated by Judge Haight in his carefully–considered, well reasoned opinion, that the reasons advanced by RNB were totally lacking in merit or remedied before the letter of credit expired and that this appeal is frivolous.

Accordingly we affirm the order of the district court. If any doubts existed as to the frivolousness of this appeal, we would let the matter rest there. However, the appeal is so completely frivolous as to render its prosecution an abuse of the appellate process which, in addition, has put the appellee to heavy expense required to analyze the record, brief the issues and argue the case. We therefore, pursuant to F.R.A.P. 38, award The Bank of Canton, Ltd., (1) double costs and (2) damages in the sum of $5,000 or its expenses other than costs of this appeal, including its counsel fees, whichever sum is less. See *Fluoro Electric Corp. v. Branford Associates,* 489 F.2d 320, 326 (2d Cir. 1973); *Acevedo v. Immigration and Naturalization Service,* 538 F.2d 918 (2d Cir. 1976). Any difference as to the amount of the damages will be resolved by the district court.