In the Matter of the Arbitration between
A/S SILJESTAD, Petitioner-Appellee,

and

HIDECA TRADING, INC., Respondent
and Cross-Petitioner-Appellant.

No. 1080, Docket 82–7094.

United States Court of Appeals,
Second Circuit.

Argued April 29, 1982.

Decided May 3, 1982.

Raymond A. Connell, New York City (Elisa M. Pugliese, John M. Phufas, Healy & Baillie, New York City, on the brief), for respondent and cross-petitioner-appellant.

Gary D. Sesser, New York City (Haight, Gardner, Poor & Havens, New York City, on the brief), for petitioner-appellee.

Before MANSFIELD and KEARSE, Circuit Judges, and CABRANES,* District Judge.

PER CURIAM:

Respondent - cross - petitioner - appellant Hideca Trading, Inc. ("Hideca"), appeals from a judgment of the United States District Court for the Southern District of New York, William C. Conner, *Judge*, confirming an arbitration award in favor of petitioner A/S Siljestad ("Siljestad"), including a "Supplemental Expansion" of an original award by the arbitrators to include interest on one of Siljestad's claims. The original award, which totaled $287,360.76, gave shipowner Siljestad damages of $245,733.51 for charterer Hideca's wrongful cancellation of a voyage, and made awards on two additional claims by Siljestad. The original award did not mention interest with respect to Siljestad's cancellation claim; the supplemental award gave Siljestad interest in the amount of $85,429.82 on its cancellation claim. Hideca contends that the original award of $287,360.76 was final and that the arbitrators had no power to make a supplemental award of interest.

---

* The Honorable José A. Cabranes, of the United States District Court for the District of Connecticut, sitting by designation.

We affirm substantially for the reasons set forth in the opinion of Judge Conner dated December 18, 1981. An arbitration award is generally not final if it is not intended by the arbitrators to be a complete determination of all of the claims submitted to them. *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 413 (2d Cir. 1980); *La Vale Plaza, Inc. v. R. S. Noonan, Inc.*, 378 F.2d 569, 573 (3d Cir. 1967). There is no dispute that Siljestad's submission to the arbitrators included a claim for interest on the cancellation claim. The court's finding that the arbitrators had not intended their original award to determine Siljestad's claim for interest on the cancellation claim is supported by the affidavit of the chairman of the arbitration panel and is not clearly erroneous.

### COSTS

Of the $372,790.58 awarded to Siljestad by the arbitrators, only the $85,429.82 representing interest was at issue in the present case. Hideca nevertheless has refused during the pendency of the case to pay even the undisputed award of $287,-360.76. In addition, Hideca has refused to pay its share of the costs of the arbitration (set by the arbitrators at 75% of the total), has refused to post a supersedeas bond pending this appeal, and on the basis of this appeal has successfully resisted an attempt by Siljestad to have the district court's judgment certified for registration under 28 U.S.C. § 1963 (1976). We note that the district court awarded postaward, prejudgment interest at the rate of 14%, which is undoubtedly lower than the rate of return on some alternative investment opportunities.

We view Hideca's argument on appeal as frivolous, and in the circumstances, we conclude that the present appeal was taken solely for the purpose of delaying payment of the judgment to the last possible moment. We therefore exercise our discretion under 28 U.S.C. § 1912 (1976) and Fed.R. App.P. 38 to award Siljestad the following costs on appeal: interest on the district court judgment at the rate of 14% from January 5, 1982 to the date of payment, double costs, and $1,000 or Siljestad's expenses (other than taxable costs) including its attorney's fees, whichever sum is less. *See Bankers Trust Co. v. Publicker Industries*, 641 F.2d 1361, 1367–68 (2d Cir. 1981) (award of double costs and $10,000); *Bank of Canton v. Republic National Bank*, 636 F.2d 30, 31 (2d Cir. 1980) (per curiam) (award of double costs and $5,000); *Oscar Gruss & Son v. Lumbermens Mutual Casualty Co.*, 422 F.2d 1278, 1283–84 (2d Cir. 1970) (award of additional interest on judgment, double costs, and $7,500).

The judgment is affirmed. The mandate shall issue forthwith.