**PUBLIC SERVICE ELECTRIC AND GAS CO., Appellees,**

**v.**

**SYSTEM COUNCIL U–2, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL–CIO, Appellant.**

No. 82–5474.

United States Court of Appeals, Third Circuit.

Argued Jan. 25, 1983.

Decided March 31, 1983.

David Solomon (argued), Schneider, Cohen, Solomon & DiMarzio, Jersey City, N.J., for appellant.

Vincent J. Apruzzese (argued), Apruzzese & McDermott, Springfield, N.J., for appellees.

Before SEITZ, Chief Judge, ADAMS and GARTH, Circuit Judges.

SEITZ, Chief Judge.

This dispute involves the finality of a determination by an arbitration panel and arises out of a dispute over a collective bargaining agreement between Public Service Electric & Gas Company [Company] and System Council U–2, International Brotherhood of Electrical Workers [Union].

Pursuant to an arbitration provision in the collective bargaining agreement, a duly constituted panel of arbitrators determined that the company's unilateral decision to consolidate two of its divisions breached the collective bargaining agreement. The panel instructed the parties to schedule a hearing on remedies when and if they determined such a hearing was necessary.

Without scheduling any hearing, the company petitioned the district court to vacate the panel's determination. Jurisdiction was predicated on section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court vacated the determination, and the union appeals.

We must determine whether the panel determination was final and binding within the meaning of 29 U.S.C. § 185. If it was not, the district court lacked subject matter jurisdiction to vacate it. *Truck Drivers Union v. Riss & Co.,* 372 U.S. 517, 520, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963). We have jurisdiction under 28 U.S.C. § 1291.

## I.

In 1978, the company unilaterally decided to consolidate its Bergen and Hudson divisions into a single Palisade division. The union objected to the consolidation on two grounds. First, it claimed that the collective bargaining agreement prohibited a unilateral decision to consolidate. Second, it claimed that the collateral effects of the consolidation, such as the dovetailing of seniority lists, violated various provisions of the collective bargaining agreement.

The parties agreed to bypass the grievance procedure provided for in the collective bargaining agreement and to take the first issue immediately to arbitration. With regard to the second issue, the company insisted that the union take grievances relating to the collateral effects of the consolidation through the normal grievance procedure. At the time of the expedited arbitration hearing, these grievances were not ripe for arbitration.

To avoid submitting more than the first issue to the arbitration panel, the company entered into careful negotiations with the union to phrase an appropriate submission. The parties finally agreed to submit to the panel the following question:

> Did the company violate the collective bargaining agreement by dissolving the Bergen and Hudson Divisions and creating a new (Palisade) Division? If so, what shall the remedy be?

The parties then agreed to dispose of the submitted issue in two separate hearings. In the first hearing, the panel was to consider only the issue of liability. If the panel decided that the company had indeed breached the collective bargaining agreement, the parties would schedule a second hearing to determine an appropriate remedy.

The panel's liability determination reflects this agreement. "Since the issue submitted to the panel was bifurcated, and only the issue of violation is before the panel, the issue of violation is answered in the affirmative." Although the panel did

not prescribe a remedy, the submission authorized the panel to address that issue, and neither the parties nor the panel intended the bifurcation agreement to deprive the panel of that authority. The agreement to hold separate hearings was. merely procedural.[1]

In its liability determination, the panel did not schedule a further hearing as to an appropriate remedy. Instead, the panel stated that

> the parties are directed to return to the bargaining table and attempt to agree upon an amiable solution and adjustment of the dispute. If they are unable to reach agreement, either party may request the American Arbitration Association to schedule a further hearing, in which event the Arbitration Panel will resolve the issues for the parties.

We do not understand this language to constitute the remedy contemplated by the submission. The parties and the panel had agreed that no remedy would be prescribed until the parties had an opportunity to submit additional arguments to the panel. The bargaining directive of the panel merely takes cognizance of the parties' position throughout the proceeding that once the issue of liability was resolved, they might be able to agree upon a remedy outside of arbitration. Nevertheless, without making any effort to agree upon a remedy or to schedule a hearing, the company petitioned the district court to vacate the panel's liability determination.

## II.

The United States Supreme Court has held that where a grievance determination is "not final and binding under the collective bargaining agreement," the parties may not maintain an action under section 301 to confirm or vacate that determination. *Truck Drivers Union, supra,* 372 U.S. at 520, 83 S.Ct. at 791. The present arbitration decision partakes of all the attributes of an interim order. Review of the decision at this stage would disrupt and delay the arbitration process and could result in piecemeal litigation. If this court should reverse the district court's determination and uphold the panel's liability determination and the parties did not thereafter agree upon a remedy, the panel would be required to impose one. The company could then repetition the district court to review that remedy. We see no legitimate reason for allowing such piecemeal litigation.[2]

## III.

We hold that under the present circumstances the panel's determination of liability was not a final award within the meaning of 29 U.S.C. § 185. As such, the district court lacked jurisdiction to reach the merits of the determination. Thus, we reverse the order of the district court vacating the panel's determination and direct the court to dismiss the company's petition to vacate.

LEONARD I. GARTH, Circuit Judge, did not participate in the decision of this case because of illness.

---

1. We do not decide here whether the liability determination would have constituted a final award if the submission had authorized the panel to address only the liability issue.

2. We do not decide here whether the union may maintain an action under § 301 to compel the company to complete arbitration on the issue of remedies. The district court denied the union's counterclaim to compel arbitration on this issue and the union has not appealed that decision.