MILLMEN LOCAL 550, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO, Plaintiff-Appellee,

v.

WELLS EXTERIOR TRIM, Defendant-Appellant.

No. 85–2788.

United States Court of Appeals, Ninth Circuit.

Argued April 17, 1987.

Submitted Aug. 28, 1987.

Decided Sept. 17, 1987.

As Amended Oct. 6, 1987.

A.K. Abraham, San Francisco, Cal., for defendant-appellant.

Vincent A. Harrington, Jr., San Francisco, Cal., for plaintiff-appellee.

Before HUG, NELSON and NOONAN, Circuit Judges.

HUG, Circuit Judge:

The question presented in this case is whether a labor arbitrator's decision determining liability, but reserving jurisdiction to determine the remedy in the future, is a final and binding award reviewable by the courts under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1982).

We determine that such an award is not final and not reviewable. Accordingly, we vacate the district court's summary judgment confirming the decision of the labor arbitrator, and remand for the district court to dismiss the petition for confirmation.

I.

Well's Exterior Trim is a signatory to the 1981–84 Master Agreement between Local 550 and the Lumber and Mill Employer's Association. On June 11, 1984, an arbitration was held to resolve union grievances alleging violations of the collective bargaining agreement by Well's Exterior Trim. The issue presented for arbitration was "[w]hether the Employer violated Sections 1, 2 and 3 of the Agreement by its employment and assignment of Employees in performance of bargaining unit work, and if so, what remedy." The arbitrator held that Well's Exterior Trim had violated the relevant sections of the bargaining agreement. The arbitrator's decision provided that "[t]he question of remedy in its entirety is remanded to the Parties, the Arbitrator retaining jurisdiction in the event that

the Parties cannot agree upon such remedy."

Local 550 petitioned the district court to confirm the arbitrator's decision. Well's Exterior Trim filed a motion to dismiss the petition for lack of a final award, and Local 550 filed a motion for summary judgment. The district court denied the motion to dismiss and granted summary judgment in favor of Local 550, thereby confirming the arbitrator's decision. Well's Exterior Trim timely appeals the grant of summary judgment.

## II.

■ This court reviews de novo a grant of summary judgment confirming an arbitration award. *New Meiji Market v. United Food & Commercial Workers Local Union # 905*, 789 F.2d 1334, 1335 (9th Cir. 1986).

■ The district court has jurisdiction under section 301 of the LMRA to vacate or enforce a labor arbitration award. *General Drivers Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519, 83 S.Ct. 789, 791, 9 L.Ed.2d 918 (1963); *Kemner v. Dist. Council of Painting and Allied Trades No. 36*, 768 F.2d 1115, 1118 (9th Cir.1985). The arbitrator's award must normally be final and binding before such review is undertaken. *General Drivers*, 372 U.S. at 519; *Kemner*, 768 F.2d at 1118. Only in the most extreme cases will judicial review of a nonfinal award be proper. *Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir.1973).[1] To allow judicial intervention prior to the final

award would contravene the fundamental federal labor policy of deference to contractual dispute resolution procedures, and would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings. *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 566–68, 80 S.Ct. 1343, 1345–46, 4 L.Ed.2d 1403 (1960); *Kemner*, 768 F.2d at 1118; *Aerojet-General*, 478 F.2d at 251. Moreover, interlocutory review of nonfinal arbitration awards would defeat the purpose of 28 U.S.C. § 1291 (1982) to avoid piecemeal litigation of a claim. *See, e.g., Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *Liberian Vertex Transports, Inc. v. Associated Bulk Carriers, Ltd.*, 738 F.2d 85, 87 (2d Cir.1984).

## III.

■ Well's Exterior Trim contends that the district court lacked jurisdiction to review the arbitration decision because, where the arbitrator retains jurisdiction to decide the remedy, the decision is not a final and binding award under section 301 of the LMRA. Local 550 responds that the arbitrator rendered a liability determination that is final and reviewable without a determination of the remedy.

Therefore, the issue presented is whether the arbitration award in this case is final and reviewable under section 301. As the Ninth Circuit has not fully defined the meaning of a "final and binding award"

---

1. *Sunshine Mining Co. v. United Steelworkers of America*, 823 F.2d 1289 (9th Cir.1987) must be read as one such extreme case. The arbitrator had issued an award which required that a psychiatrist examine the employee who had been discharged. If the psychiatrist concluded that the employee suffered from no mental illness, the discharge was to be sustained. If the psychiatrist found the employee was mentally ill at the time of his discharge, and would be *unable* to resume work, the discharge would likewise be sustained. However, if the psychiatrist found the employee was mentally ill at the time of his discharge and was now *able* to resume work, the employee was to be reinstated with seniority but without back pay. *Id.* at 1292. Although this award was not final, the

panel held it was reviewable as an exceptional case. *Id.* at 1294 n. 4.

*Sunshine Mining Co.* is similar to *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), in which the Supreme Court reviewed an arbitration award where the arbitrator had not completed the mathematical computations of the award. *See infra*, Section III, pp. 1375–77. Once the psychiatrist furnished his report, the only further action required by the arbitrator was to apply the psychiatrist's decision to his previous "multiple choice" award. This type of ministerial act, like the computation of back pay, need not interfere with the court's jurisdiction to review an arbitration award.

under section 301, we address an issue of first impression.[2]

An analogous finality rule exists in 28 U.S.C. § 1291, which gives courts of appeals jurisdiction of appeals from all final decisions of district courts. A final judgment under section 1291 is " 'one which ends the litigation ... and leaves nothing for the court to do but execute the judgment.' " *Warehouse Restaurant, Inc. v. Customs House Restaurant, Inc.*, 726 F.2d 480, 481 (9th Cir.1984) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). Furthermore, a judgment is not final if it decides only liability and leaves open the question of relief. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742–44, 96 S.Ct. 1202, 1205–06, 47 L.Ed.2d 435 (1976); *Wolf v. Banco Nacional de Mexico*, 721 F.2d 660, 662 (9th Cir.1983); *Hain Pure Food Co. v. Sona Food Products Co.*, 618 F.2d 521, 522 (9th Cir.1980).

By analogy to the "final judgment" rule of section 1291, an arbitration award that postpones the determination of a remedy should not constitute a "final and binding award" reviewable under section 301. Support for this rule is found in a number of decisions from other circuits.

In *Public Serv. Elec. & Gas Co. v. System Council U-2*, 703 F.2d 68, 69–70 (3d Cir.1983), the parties to a labor arbitration had agreed to bifurcate the determination of liability and remedy. After the arbitration panel determined that the employer was liable for breach of the collective bargaining agreement, but before a remedy was formulated, the employer petitioned the district court under section 301 to vacate the panel's determination. *Id.* On appeal of the district court's vacation of the liability determination, the Third Circuit held that the determination of liability alone was not a final and binding award reviewable under section 301. It noted that the liability determination "partakes of all the attributes of an interim order." *Id.* at 70.[3] *See also Sportswear, Ski-Suits & Waterproof Garment Workers' Union, Local 246 v. Evans Mfg. Co.*, 318 F.2d 528, 530 (3d Cir.1963) (court would not determine propriety of arbitrator's award since it was preliminary to a determination of damages, if any). The Second Circuit has held that an arbitration award under the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982) is a reviewable final order only if intended by the arbitrator to be a complete determination of the claims, including the issue of damages. *Michaels v. Mariforum Shipping*, 624 F.2d 411, 413–14 (2d Cir. 1980); *see also A/S Siljestad v. Hideca Trading, Inc.*, 678 F.2d 391, 392 (2d Cir. 1982). In deciding whether to review a labor arbitration award, the Seventh Circuit stated: "To be considered 'final,' an arbitration award must be intended by the arbitrator to be [a] complete determination of every issue submitted...." *Anderson v. Norfolk & Western Ry. Co.*, 773 F.2d 880, 883 (7th Cir.1985). Thus, because the arbitrator specifically left the resolution of the issues decided subject to the further negotiations of the parties and expressly reserved jurisdiction, the award was found not to be final. *Id.*

Each of these cases supports a rule that requires the issue of damages be resolved in order for an award to be considered final. Moreover, the fact that the arbitrator here specifically retained jurisdiction to decide the remedy if the parties could not agree indicates that the arbitrator did not

---

2. The Ninth Circuit has addressed several distinct questions concerning "final and binding awards." *See Kemner*, 768 F.2d at 1118–19 (a particular form of award is not required to render it "final and binding," where award is set forth in a letter); *Local Freight Drivers Local No. 208 v. Braswell Motor Freight Lines, Inc.*, 422 F.2d 109, 114 (9th Cir.), *cert. denied*, 400 U.S. 827, 91 S.Ct. 53, 27 L.Ed.2d 56 (1970) (the possibility of a union strike to enforce an award does not affect the "final and binding" nature of the award).

3. Although Local 550 argues that *Public Serv. Elec. & Gas Co.* is distinguishable because the parties here did not agree to bifurcate the liability-remedy determination, the determination of nonfinality is even more compelling under the present facts. An agreement to bifurcate might suggest that the parties and the arbitrator desired that each determination be final and binding.

intend the award to be final. *See id.* at 883; *A/S Siljestad,* 678 F.2d at 392; *Michaels,* 624 F.2d at 413–14.

Cases cited by Local 550 to support its contention that the liability determination was a final and binding award are distinguishable from the facts presented here. In *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the Supreme Court reviewed an arbitration award where the arbitrator had ordered reinstatement of wrongfully terminated employees and back pay, minus pay during a ten-day suspension and sums received from other employment. The Court reversed the Fourth Circuit's holding that the arbitrator's failure to specify the amounts to be deducted from back pay rendered the award unenforceable. *Id.* at 596, 80 S.Ct. at 1360. It affirmed the district court's enforcement of the award, and remanded to allow the arbitrator to calculate the amounts due under the award. *Id.* at 599, 80 S.Ct. at 1362.[4] Notably, unlike the facts presented here, the arbitrator in *United Steelworkers* had already ordered a remedy at the time enforcement was sought. The Court's opinion, therefore, holds only that the arbitrator need not complete the mathematical computations of the award for the award to be final and reviewable. It does not decide whether the determination of liability with retained jurisdiction to decide the remedy is a final and reviewable award.

*ILWU Local 142 v. Land & Construction Co.,* 498 F.2d 201 (9th Cir.1974), and *Great Falls Mill & Smelterman's Union No. 16 v. Anaconda Co.,* 260 F.Supp. 445 (D.Mont.1966), *aff'd,* 402 F.2d 749 (9th Cir. 1968), also cited by Local 550, are distinguishable on the same grounds. Both involved review of a labor arbitrator's determination of liability and award of back wages to employees where the arbitrator did not calculate specifically the amount of back wages due. *ILWU Local 142,* 498 F.2d at 203, 206; *Great Falls Mill,* 260 F.Supp. at 446.

## IV.

Even if the arbitrator's determination of liability in this case is not a final and binding award, review of the determination might nevertheless be available should the circumstances warrant. Such review only occurs in the most extreme cases. *See Aerojet-General Corp.,* 478 F.2d at 251. Local 550, however, has not offered any compelling reasons for allowing immediate review. It contends generally that immediate affirmance of the liability determination will "protect against the occurrence of contingencies such as the sale of a business, declaration of insolvency, or other factors that might affect the parties' rights and obligations under the Agreement." It does not suggest that any of the "occurrences" are likely in this case. Therefore, the facts do not present a "most extreme" case, which this court might review despite the lack of a final award. *See Aerojet-General,* 478 F.2d at 251. Local 550's general assertion of the need for immediate review of a nonfinal award is not sufficient to overcome the rule requiring finality given the strong policy of favoring arbitration of labor disputes under collective bargaining agreements, *see Kemner,* 768 F.2d at 1118, and the policy against piecemeal adjudication of an action, *see Liberian Vertex,* 738 F.2d at 87.

Costs are to be borne by appellee, Millmen Local 550, United Brotherhood of Carpenters and Joiners of America, AFL–CIO.

VACATED and REMANDED.

---

4. The Court's remand is perhaps best viewed as a remand to the arbitrator for clarification. *Cf. Hanford Atomic Metal Trades Council v. General Electric Co.,* 353 F.2d 302, 307–08 (9th Cir.1965) (affirming district court order confirming arbitration award and remanding to arbitrator for clarification).