**VENETIAN CASINO RESORT, L.L.C.,**
a Nevada limited company,
**Plaintiff—Appellant,**

v.

**LEHRER MCGOVERN BOVIS, INC.,**
a New York corporation,
**Defendant—Appellee,**

and

**Bovis, Inc., a New York corporation; the Peninsular and Oriental Steam Navigation Company, a foreign corporation, Defendants.**

No. 02–17279.

D.C. No. CV–99–00963–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2003.

Decided Jan. 7, 2004.

Patrick J. Reilly, Esq., J. Stephen Peek, Esq., Lance C. Earl, Esq., Hale, Lane, Peek, Dennison, Howard, Anderson and Pearl, Las Vegas, NV, G. Lance Coburn, Esq., David N. Frederick, Esq., Lionel, Sawyer & Collins, Las Vegas, NV, David Dial, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Atlanta, GA, for Plaintiff—Appellant.

Kirk R. Harrison, Esq., Richard Scotti, Harrison, Kemp & Jones, Chtd., Las Vegas, NV, Jennifer Fletcher, Esq., F. Barry McCabe, Esq., Griffen, Cochrane & Marshall, Atlanta, GA, for Defendant–Appellee.

Before THOMPSON, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Venetian Casino Resort, L.L.C. ("Venetian") appeals the district court's order confirming an arbitration award ("Confirmation Order") in Venetian's dispute with Lehrer McGovern Bovis, Inc. ("Bovis"). We have jurisdiction under 9 U.S.C. § 16(a)(1)(D), which states that "[a]n appeal may be taken from ... an order ... confirming or denying confirmation of an award or partial award."

An arbitration award is ripe for judicial confirmation by the district court only when it is the final determination of the arbitrator. Tentative or interim awards should not be confirmed. "To allow judicial intervention prior to the final award ... would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court proceedings." *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir.1987). However, "[t]he scope of the arbitrator's authority is limited to the issue submitted to him by the parties." *Sunshine Mining Co. v. United Steelworkers*, 823 F.2d 1289, 1294 (9th Cir.1987). If the parties carve out a portion of their dispute for arbitration, the arbitration award may be confirmed when that portion is finally and completely decided.

In this case, in response to a district court order compelling arbitration issued Jan. 9, 2002 (the "Arbitration Order"), the parties submitted a discrete component of their larger dispute to the arbitrator.[1] In *Pacific Reinsurance Management Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 (9th Cir.1991), we held that an arbitrator's "interim final order" granting temporary equitable relief was confirmable be-cause it was a *"final* award[ ] on an issue distinct from the controversy on the merits." The arbitrator in *Pacific Reinsurance* issued an order granting temporary equitable relief while reserving jurisdiction to hear the merits of the dispute at a later time. Here, the arbitrator decided the *only question* posed to him under the Arbitration Order.

Venetian also argues that the district court's order is "ambiguous" because it injects finality into a preliminary determination. We disagree. The arbitrator's award *is* final as to the precise issue submitted to him. The parties may not relitigate that issue, but are specifically permitted to present evidence outside the arbitrator's analysis to another trier of fact. This compartmentalization of issues may be complicated, but it is not ambiguous. If Bovis misused the Confirmation Order in the state court trial, that is a matter to be dealt with by the state court.

Finally, citing Nev.Rev.Stat. § 38.115, Bovis argues that the arbitrator's clarification in response to Venetian's motion is null and void because Venetian did not move to clarify the award until after Bovis moved to confirm the award in district court. We do not reach this issue. The arbitrator's clarification does not change the substantive finding of the award. The same result would obtain whether or not the arbitrator issued his clarification.

AFFIRMED.

CALLAHAN, Circuit Judge, dissenting.

I respectfully dissent.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Venetian contends that other issues remain before the arbitrator. If so, these issues relate to different disputes. The arbitrator decided all issues described in the Arbitration Order issued January 9, 2002.

I would vacate and remand on the ground that the arbitrator's decision was not confirmable under the Federal Arbitration Act. Although the arbitrator may have decided the question put to him, that question did not determine a claim, or liability, or damages, or grant or deny some equitable relief. (*See Pacific Reinsurance Management Corp. V. Ohio Reinsurance Corp.*, 935 F.2d 1019 (9th Cir. 1991).) Accordingly, the district court could adopt the arbitrator's decision, but such a determination did not "confirm" an arbitration "award" and did not give rise to an appeal as of right pursuant to 9 U.S.C. § 16(a)(1)(D).