### CALIFORNIA PACIFIC MEDICAL CENTER, Petitioner— Appellee,

v.

### SERVICE EMPLOYEES INTERNATIONAL UNION; United Healthcare Workers—West, Respondents—Appellants.

No. 07–15161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 23, 2008.

Filed Nov. 3, 2008.

---

* The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Chris A. Hollinger, Esquire, O'Melveny & Myers LLP, F.Curt Kirschner, Jr., Jones Day, San Francisco, CA, for Petitioner–Appellee.

Bruce A. Harland, Andrea Laiacona, David A. Rosenfeld, William A. Sokol, Weinberg Roger & Rosenfeld, Alameda, CA, for Respondents–Appellants.

Before: BYBEE and BEA, Circuit Judges, and ROTH,* Senior Circuit Judge.

## MEMORANDUM **

Service Employees International Union United Healthcare Workers–West ("SEIU") appeals from a district court judgment granting in part a petition to vacate an arbitration award filed by California Pacific Medical Center ("CPMC"). SEIU argues that the district court erred by: (1) failing to bar CPMC's petition under the statute of limitations; (2) finding that CPMC had not waived its substantive argument by failing to raise it at arbitration; (3) finding that the arbitrator's

---

* The Honorable Judge Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

award violated an explicit, well-defined, and dominant public policy; and (4) failing to award attorneys' fees.[1]

■ For labor disputes that arise in California, a petition to vacate must be filed within 100 days of the issuance of a *final* arbitration award. *San Diego County Dist. Council of Carpenters v. Cory,* 685 F.2d 1137, 1142 (9th Cir.1982); CAL.CIV. PROC.CODE § 1288. The November 30 arbitration award was not final because the arbitrator retained jurisdiction to resolve disputed damages issues between the parties. *See Millmen Local 550 v. Wells Exterior Trim,* 828 F.2d 1373, 1376 (9th Cir. 1987). Indeed, the arbitrator specifically directed SEIU to submit an accounting and stated CPMC could submit objections before he would issue a "final determination." In addition, the arbitrator in the May 19 award did not merely engage in "mathematical computations," *id.* at 1377, but methodically analyzed the substance of SEIU's damages request in light of CPMC's objections—ultimately rejecting a number of SEIU's claims in the process. Thus, the November 30 award was not final, the statute of limitations did not begin to run until March 19, 2006 (at the earliest), and CPMC's petition to vacate, filed on August 1, 2006, was timely.

■ SEIU claims that CPMC failed to argue before the arbitrator that the award contravened public policy, and thus CPMC has waived this argument for its petition. To the contrary, CPMC advised the arbitrator regarding jurisdictional limits and the fact that the award should be limited by the prior decisions of the National Labor Relations Board ("NLRB"). We find these arguments sufficient to preserve this issue for a petition to vacate.

The scope of judicial review for an arbitrator's award is usually extremely narrow; however, "an arbitrator's decision forfeits this deference if it violates law or an explicit, well-defined and dominant public policy." *Carpenters' Local Union No. 1478 v. Stevens,* 743 F.2d 1271, 1275 (9th Cir.1984). Thus, where the arbitrator's award is inconsistent with an NLRB decision regarding the same issue between the same parties, the Ninth Circuit affords less deference to the arbitrator's decisions. *Cannery Warehousemen Local Union 748 v. Haig Berberian, Inc.,* 623 F.2d 77, 81 (9th Cir.1980). Additionally, under the supremacy doctrine, "[s]hould the Board disagree with the arbiter ... the Board's ruling would, of course, take precedence." *Carey v. Westinghouse Elec. Corp.,* 375 U.S. 261, 272, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964); *see A. Dariano & Sons, Inc. v. Dist. Council of Painters No. 33,* 869 F.2d 514, 517 (9th Cir.1989).

■ In this case, the NLRB specifically held that the parties did not clearly stipulate to a bargaining unit. In contrast, the arbitrator's award repeatedly stated that SEIU and CPMC *had* clearly stipulated to a bargaining unit. Although the arbitrator ostensibly made an award based on a contractual issue—breach of the duty of good faith—a portion of the breach was logically possible only if the NLRB's representational conclusions were incorrect—the parties had actually stipulated to a bargaining unit. As the district court concluded, finding for SEIU with regard to the existence of a stipulation would ignore the fact that

---

1. We review de novo a district court's decision to grant a petition to vacate an arbitration award. *Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 427 (9th Cir.1996). Likewise, we review a district court's finding that a claim is not barred by a statute of limitations de novo. *Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1175 (9th Cir.2000). We review the district court's denial of attorneys' fees for abuse of discretion. *Lane v. Residential Funding Corp.,* 323 F.3d 739, 742 (9th Cir. 2003).

"two logically inconsistent judgments cannot be enforced when a representational issue is at stake." *Dariano,* 869 F.2d at 517 (internal citations and quotation marks omitted). The district court correctly vacated the award in part and remanded to the arbitrator to recalculate damages based only on injuries to SEIU from violations which do not relate to the stipulation of a bargaining unit.

Finally, attorneys' fees are inappropriate because SEIU did not prevail at the district court or on appeal and CPMC has not acted in bad faith. *Seattle Times Co. v. Seattle Mailer's Union No. 32,* 664 F.2d 1366, 1370 (9th Cir.1982).

Accordingly, we **AFFIRM** the judgment of the district court.