AMERICAN POSTAL WORKERS'
UNION, AFL–CIO, Plaintiff,

v.

UNITED STATES POSTAL
SERVICE, Defendant.

Civil Action No. 08–2200 (RMC).

United States District Court,
District of Columbia.

July 14, 2009.

Opinion Denying Reconsideration
Sept. 2, 2009.

Anton Hajjar, O'Donnell, Schwartz &
Anderson, P.C., Washington, DC, for
Plaintiff.

Christian Alexander Natiello, United
States Attorney's Office, Washington, DC,
for Defendant.

**MEMORANDUM OPINION**

ROSEMARY M. COLLYER, District
Judge.

American Postal Workers' Union, AFL–
CIO ("APWU" or "Union") brought this
suit alleging that the United States Postal
Service ("Postal Service") breached a col-
lective bargaining agreement between the
parties by failing to comply with an arbi-
tration award finding liability. The Postal
Service moves to dismiss for lack of juris-
diction, arguing that the matter is not ripe
because the arbitration award has been
remanded for the determination of a reme-
dy. As explained below, the motion to
dismiss will be granted.

**I. FACTS**

Pursuant to Article 15 of the collective
bargaining agreement ("CBA") between
APWU and the Postal Service, the parties
have agreed to resolve their disputes
through grievance and binding arbitration.
Compl. [Dkt. # 1] ¶ 8; Def.'s Mot. to Dis-

**2**

miss [Dkt. # 7] ("Def.'s Mot."), Ex. 3 (CBA) at 90–108. The dispute underlying this case was whether the Postal Service properly assigned flat preparation work on the Automated Flats Sorting Machine 100 ("AFSM 100") at the Sacramento, California, processing and distribution center to the Mailhandler Craft or whether, as APWU claimed, the flat preparation work should have been assigned to the Clerk Craft. Compl. ¶ 7. This dispute went to arbitration, and on June 28, 2008, the Arbitrator issued an Award stating as follows:

> In light of the history of this particular facility, the changeover to the AFSM 100 did not cause an operational change; and therefore the continuing assignment of flat prep work fo[r] the AFSM 100 to the Clerks was required. The reassignment of that work to the Mailhandlers was improper. The APWU and the Service shall submit the issue of remedy to the Article 15 process.

*Id.*, Ex. 1 at 6. Pursuant to the Arbitrator's ruling, on February 25, 2009, the parties remanded the case "to the Article 15 grievance-arbitration procedure for further processing, up to and including Regional arbitration." *Id.*, Ex. 2 at 1. Both APWU and the Postal Service signed the remand. *Id.*

Prior to the remand, on December 18, 2008, APWU filed a Complaint in this Court against the Postal Service alleging that, despite repeated requests, the Postal Service had not stated unequivocally that it would comply with the Award and that the Postal Service's failure to comply with the Award constituted a breach of the CBA. Compl. ¶¶ 11–13. The Postal Service moves to dismiss, asserting that the Union's claim is not ripe because the remedy issue is still pending.

## II. LEGAL STANDARD

Jurisdiction requires that a claim be ripe for decision. Under the Constitution, federal courts are limited to deciding "actual, ongoing controversies." *Honig v. Doe*, 484

U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). To show that a claim is ripe, a plaintiff must demonstrate (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties caused by withholding court consideration. *Nat'l Treasury Employees Union v. Chertoff*, 452 F.3d 839, 854 (D.C.Cir.2006) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). A claim "is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). By requiring that claims be ripe before adjudication by a federal court, courts promote judicial economy, avoid becoming entangled in abstract disputes, and ensure a record adequate to support an informed decision when a case is heard. *Abbott Labs.*, 387 U.S. at 149, 87 S.Ct. 1507.

Because subject matter jurisdiction is an Article III as well as a statutory requirement, "no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C.Cir.2003). On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir.1999).

APWU erroneously asserts that it is inappropriate for the Court to consider matters outside the pleadings on a motion to dismiss because the Court must permit discovery. *See* Opp'n at 3 n. 1. However, because subject matter jurisdiction focuses

on a court's power to hear the claim, a court must give a plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C.Cir.2003). In resolving a 12(b)(1) motion, a court is not limited to the allegations contained in the complaint. *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). A federal court may consider materials outside the pleadings to determine whether it has jurisdiction over the claim. *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C.Cir.1992).

## III. ANALYSIS

■ Federal district courts have jurisdiction under the Postal Reorganization Act, 39 U.S.C. § 1208(b),[1] to enforce arbitration awards that are final and binding. *Am. Postal Workers Union, AFL–CIO v. U.S. Postal Service,* 827 F.Supp. 836, 838 (D.D.C.1993). While the Postal Reorganization Act does not explicitly provide for enforcement of arbitration awards in federal court, the Act is substantially similar to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which does so provide. *Am. Postal Workers Union,* 827 F.Supp. at 838 n. 2.[2] A federal court only has jurisdiction to vacate or enforce a labor arbitration award if it is final and binding. *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.,* 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); *Millmen Local 550 v. Wells Exterior Trim,* 828 F.2d

1373, 1375 (9th Cir.1987). An arbitration award that postpones the determination of a remedy is not final and binding. *Millmen Local 550,* 828 F.2d at 1376; *accord Local Union 15 v. Exelon Corp.,* 2004 WL 769431, * 4 (N.D.Ill. Apr. 8, 2004); *Public Serv. Elec. & Gas Co. v. System Council U–2,* 703 F.2d 68, 69–70 (3d Cir.1983).

■ Further, "a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention." *Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL–CIO v. U.S. Postal Service,* 594 F.2d 988, 991 (4th Cir.1979) (citing *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965)). However, where contractual remedies are "unsatisfactory or unworkable by reason of misconduct of the employer or of the union, exhaustion of those remedies is unnecessary." *Id.* (citing *Vaca v. Sipes,* 386 U.S. 171, 185–86, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967)); *see, e.g., Nat'l Post Office,* 594 F.2d at 991–92 (court did not require further exhaustion of remedies where the Postal Service failed to implement grievance settlements in favor of the union).

■ Here, the Court lacks jurisdiction to vacate or enforce the June 28, 2008, arbitration award because the award is not final and binding—the grievance-arbitration procedure provided in the CBA has not been exhausted. Although APWU prevailed on the issue of liability, the remedy has not been decided. On February 25, 2009, the parties remanded the case to the grievance-arbitration procedure for

---

1. The Postal Reorganization Act provides:

   Suits for violation of contracts between the Postal Service and a labor organization representing Postal Service employees, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties,

   without respect to the amount in controversy.
   39 U.S.C. § 1208(b).

2. The same principles normally apply in Postal Reorganization Act cases as in LMRA cases. *See, e.g., Miller v. U.S.P.S.,* 985 F.2d 9, 10 (1st Cir.1993).

further processing, "up to and including Regional arbitration." Def.'s Mot., Ex. 2 at 1. Also, APWU has not shown that the exhaustion of remedies is unworkable. APWU's complaint is premature and must be dismissed for lack of jurisdiction.

APWU argues that exhaustion of administrative remedies is not jurisdictional under *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). APWU's reliance on *Arbaugh* is misplaced. In *Arbaugh*, the Supreme Court determined that the employee-numerosity requirement set forth in Title VII, 42 U.S.C. § 2000e *et seq.*, was an element of a claim for relief but was not a jurisdictional requirement. The Court explained that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* at 515, 126 S.Ct. 1235; *see also Bennett v. United States*, 462 F.Supp.2d 35, 39 n. 1 (D.D.C. 2006) (failure to exhaust administrative remedies under 26 U.S.C. § 7433, which provides a private cause of action for reckless or negligent tax collection, is a nonjurisdictional defect because Congress did not expressly designate exhaustion under the statute as jurisdictional). Under the Postal Reorganization Act, contractual remedies must be exhausted before judicial intervention can occur. *Nat'l Post Office*, 594 F.2d at 991. APWU has not exhausted the arbitration procedure at this time. The arbitration award as it currently stands is not final and binding, as the issue of remedy has not been decided. A non-final award is not subject to review. *See General Drivers*, 372 U.S. at 519, 83 S.Ct. 789; *Millmen Local 550*, 828 F.2d at 1375.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss [Dkt. # 7] will be granted and this case will be dismissed. A memorializing order accompanies this Memorandum Opinion.

## MEMORANDUM OPINION

American Postal Workers' Union, AFL–CIO ("APWU" or "Union") brought this suit alleging that the United States Postal Service ("Postal Service") breached a collective bargaining agreement between the parties by failing to comply with an arbitration award finding liability. On July 14, 2009, the Court dismissed this case for lack of jurisdiction. The Court held that the case is not ripe because the underlying arbitration award has been remanded for the determination of a remedy. The Union now moves for reconsideration.

## I. FACTS

Pursuant to Article 15 of the collective bargaining agreement ("CBA") between the Union and the Postal Service, the parties have agreed to resolve their disputes through grievance and binding arbitration. Compl. [Dkt. # 1] ¶ 8; Def.'s Mot. to Dismiss [Dkt. # 7] ("Def.'s Mot."), Ex. 3(CBA) at 90–108. The dispute underlying this case was whether the Postal Service properly assigned flat preparation work on the Automated Flats Sorting Machine 100 ("AFSM 100") at the Sacramento, California, processing and distribution center to the Mailhandler Craft or whether, as the Union claimed, the flat preparation work should have been assigned to the Clerk Craft. Compl. ¶ 7. This dispute went to arbitration, and on June 28, 2008, the Arbitrator issued an Award stating as follows:

In light of the history of this particular facility, the changeover to the AFSM 100 did not cause an operational change; and therefore the continuing assignment of flat prep work fo[r] the AFSM 100 to the Clerks was required. The reassignment of that work to the Mailhandlers was improper. The APWU and the Ser-

vice shall submit the issue of remedy to the Article 15 process.

*Id.,* Ex. 1 at 6. Pursuant to the Arbitrator's ruling, on February 25, 2009, the parties remanded the case "to the Article 15 grievance-arbitration procedure for further processing, up to and including Regional arbitration." *Id.,* Ex. 2 at 1.

The Union filed a Complaint in this Court against the Postal Service alleging that, despite repeated requests, the Postal Service had not stated unequivocally that it would comply with the Award and that the Postal Service's failure to comply with the Award constituted a breach of the CBA. Compl. ¶¶ 11–13. The Postal Service moved to dismiss, asserting that the Union's claim was not ripe because the remedy issue is still pending. The Court granted the motion to dismiss, finding:

> A federal court only has jurisdiction to vacate or enforce a labor arbitration award if it is final and binding. *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.,* 372 U.S. 517, 519, 83 S.Ct. 789, 9 L.Ed.2d 918 (1963); *Millmen Local 550 v. Wells Exterior Trim,* 828 F.2d 1373, 1375 (9th Cir.1987). An arbitration award that postpones the determination of a remedy is not final and binding. *Millmen Local 550,* 828 F.2d at 1376; *accord Local Union 15 v. Exelon Corp.,* 2004 WL 769431, * 4 (N.D.Ill. Apr.8, 2004); *Public Serv. Elec. & Gas Co. v. System Council U–2,* 703 F.2d 68, 69–70 (3d Cir.1983).
>
> Further, "a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention." *Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL–CIO v. U.S. Postal Service,* 594 F.2d 988, 991 (4th Cir.1979) (citing *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965)). . . .

> Here, the Court lacks jurisdiction to vacate or enforce the June 28, 2008, arbitration award because the award is not final and binding—the grievance-arbitration procedure provided in the CBA has not been exhausted. Although APWU prevailed on the issue of liability, the remedy has not been decided. On February 25, 2009, the parties remanded the case to the grievance-arbitration procedure for further processing, "up to and including Regional arbitration." Def.'s Mot., Ex. 2 at 1. Also, APWU has not shown that the exhaustion of remedies is unworkable. APWU's complaint is premature and must be dismissed for lack of jurisdiction.

Mem. Op. [Dkt. # 12] at 4–5. The Union seeks reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(6).

## II. LEGAL STANDARD

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.,* 389 F.3d 1291, 1296 (D.C.Cir.2004) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States,* 880 F.Supp. 37, 38 (D.D.C.1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia,* 995 F.2d 274, 276 (D.C.Cir.1993). Federal Rule of Civil Procedure 60(b)(6) is a catch-all provision that gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States,* 335 U.S. 601, 614–15, 69 S.Ct. 384, 93 L.Ed. 266 (1949), but it should be applied only in extraordinary

circumstances, *Kramer v. Gates,* 481 F.3d 788, 791 (D.C.Cir.2007) (citing *Ackermann v. United States,* 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

### III. ANALYSIS

The Union argues that it should be permitted to move forward to enforce the Award, interpreting the Award as though it grants final injunctive relief and arguing that the case was remanded for a separate and parallel proceeding regarding monetary relief. The Union made this same argument previously, and the Court rejected the argument finding that it lacked jurisdiction to vacate or enforce the Award because it was not final and binding. The grievance-arbitration procedure provided in the CBA has not been exhausted, and although APWU prevailed on the issue of liability, the remedy has not been decided. Accordingly, the Union's motion to reconsider will be denied. For the same reason, the Court finds there are no extraordinary circumstances in this case that would require the dismissal to be vacated or modified under Rule 60(b)(6). *See Kramer,* 481 F.3d at 791.

The Union also attached to its motion for reconsideration an April 16, 1992, Memorandum of Understanding ("MOU") between the Postal Service and APWU. *See* Mot. for Reconsideration, Ex. B(MOU). The MOU provides that disputes are submitted to arbitration and that the arbitrator's award shall be final and binding. *Id.,* Ex. B at 2. The Union reasons that because arbitration awards generally are intended to be final and binding, the Award in this case must have been final and binding. *See id.,* Ex. A (Decl. of McCarthy, Director of the Clerk Division of the APWU). This argument is erroneous. On its face, the Award in this case was not final and binding—it found liability and did not determine a remedy.

In the alternative, the Union argues that the Award is insufficiently clear to permit enforcement and that the case should be remanded to the arbitrator for clarification. The Court does not find the Award to be unclear. The Award finds liability and directs the parties to submit the issue of remedy to the Article 15 process.

### IV. CONCLUSION

For the reasons stated above, the Union's motion for reconsideration [Dkt. # 14] will be denied. A memorializing order accompanies this Memorandum Opinion.