# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AMERICAN POSTAL WORKERS'** | ) | |
| **UNION, AFL-CIO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 08-2200 (RMC)** |
| | ) | |
| **UNITED STATES POSTAL SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

American Postal Workers' Union, AFL-CIO ("APWU" or "Union") brought this suit alleging that the United States Postal Service ("Postal Service") breached a collective bargaining agreement between the parties by failing to comply with an arbitration award finding liability. On July 14, 2009, the Court dismissed this case for lack of jurisdiction. The Court held that the case is not ripe because the underlying arbitration award has been remanded for the determination of a remedy. The Union now moves for reconsideration.

## I. FACTS

Pursuant to Article 15 of the collective bargaining agreement ("CBA") between the Union and the Postal Service, the parties have agreed to resolve their disputes through grievance and binding arbitration. Compl. [Dkt. # 1] ¶ 8; Def.'s Mot. to Dismiss [Dkt. # 7] ("Def.'s Mot."), Ex. 3 (CBA) at 90-108. The dispute underlying this case was whether the Postal Service properly assigned flat preparation work on the Automated Flats Sorting Machine 100 ("AFSM 100") at the Sacramento, California, processing and distribution center to the Mailhandler Craft or whether, as

the Union claimed, the flat preparation work should have been assigned to the Clerk Craft. Compl.

¶ 7. This dispute went to arbitration, and on June 28, 2008, the Arbitrator issued an Award stating

as follows:

> In light of the history of this particular facility, the changeover to the AFSM 100 did not cause an operational change; and therefore the continuing assignment of flat prep work fo[r] the AFSM 100 to the Clerks was required. The reassignment of that work to the Mailhandlers was improper. The APWU and the Service shall submit the issue of remedy to the Article 15 process.

*Id*., Ex. 1 at 6. Pursuant to the Arbitrator's ruling, on February 25, 2009, the parties remanded the

case "to the Article 15 grievance-arbitration procedure for further processing, up to and including

Regional arbitration." *Id*., Ex. 2 at 1.

The Union filed a Complaint in this Court against the Postal Service alleging that,

despite repeated requests, the Postal Service had not stated unequivocally that it would comply with

the Award and that the Postal Service's failure to comply with the Award constituted a breach of the

CBA. Compl. ¶¶ 11-13. The Postal Service moved to dismiss, asserting that the Union's claim was

not ripe because the remedy issue is still pending. The Court granted the motion to dismiss, finding:

> A federal court only has jurisdiction to vacate or enforce a labor arbitration award if it is final and binding. *General Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Millmen Local 550 v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987). An arbitration award that postpones the determination of a remedy is not final and binding. *Millmen Local 550*, 828 F.2d at 1376; *accord Local Union 15 v. Exelon Corp.*, 2004 WL 769431, * 4 (N.D. Ill. Apr. 8, 2004); *Public Serv. Elec. & Gas Co. v. System Council U-2*, 703 F.2d 68, 69-70 (3d Cir. 1983).
>
> Further, "a union and its members must exhaust the remedies provided in their collective bargaining agreement with the employer before they seek judicial intervention." *Nat'l Post Office Mail Handlers Local No. 305, LIUNA, AFL-CIO v. U.S. Postal Service*,

594 F.2d 988, 991 (4th Cir. 1979) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965)). . . . Here, the Court lacks jurisdiction to vacate or enforce the June 28, 2008, arbitration award because the award is not final and binding — the grievance-arbitration procedure provided in the CBA has not been exhausted. Although APWU prevailed on the issue of liability, the remedy has not been decided. On February 25, 2009, the parties remanded the case to the grievance-arbitration procedure for further processing, "up to and including Regional arbitration." Def.'s Mot., Ex. 2 at 1. Also, APWU has not shown that the exhaustion of remedies is unworkable. APWU's complaint is premature and must be dismissed for lack of jurisdiction.

Mem. Op. [Dkt. # 12] at 4-5. The Union seeks reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)(6).

## II. LEGAL STANDARD

"A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993). Federal Rule of Civil Procedure 60(b)(6) is a catch-all provision that gives courts discretion to vacate or modify judgments when it is "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949), but it should be applied only in extraordinary circumstances, *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

## III. ANALYSIS

The Union argues that it should be permitted to move forward to enforce the Award, interpreting the Award as though it grants final injunctive relief and arguing that the case was remanded for a separate and parallel proceeding regarding monetary relief. The Union made this same argument previously, and the Court rejected the argument finding that it lacked jurisdiction to vacate or enforce the Award because it was not final and binding. The grievance-arbitration procedure provided in the CBA has not been exhausted, and although APWU prevailed on the issue of liability, the remedy has not been decided. Accordingly, the Union's motion to reconsider will be denied. For the same reason, the Court finds there are no extraordinary circumstances in this case that would require the dismissal to be vacated or modified under Rule 60(b)(6). *See Kramer*, 481 F.3d at 791.

The Union also attached to its motion for reconsideration an April 16, 1992, Memorandum of Understanding ("MOU") between the Postal Service and APWU. *See* Mot. for Reconsideration, Ex. B (MOU). The MOU provides that disputes are submitted to arbitration and that the arbitrator's award shall be final and binding. *Id*., Ex. B at 2. The Union reasons that because arbitration awards generally are intended to be final and binding, the Award in this case must have been final and binding. *See id*., Ex. A (Decl. of McCarthy, Director of the Clerk Division of the APWU). This argument is erroneous. On its face, the Award in this case was not final and binding — it found liability and did not determine a remedy.

In the alternative, the Union argues that the Award is insufficiently clear to permit enforcement and that the case should be remanded to the arbitrator for clarification. The Court does not find the Award to be unclear. The Award finds liability and directs the parties to submit the

issue of remedy to the Article 15 process.

## IV. CONCLUSION

For the reasons stated above, the Union's motion for reconsideration [Dkt. # 14] will be denied. A memorializing order accompanies this Memorandum Opinion.

Date: September 2, 2009 _____/s/_____
ROSEMARY M. COLLYER
United States District Judge