**NEW MEIJI MARKET,**
Plaintiff-Appellee,

v.

**UNITED FOOD & COMMERCIAL WORKERS LOCAL UNION # 905,**
Defendant-Appellant.

**No. 85–5927.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 1986.

Decided April 25, 1986.

Designated for Publication May 22, 1986.

Gregory S. Drake, Hill & Farrer, Los Angeles, Cal., for plaintiff-appellee.

Chris Cameron, Jay D. Roth, Los Angeles, Cal., for defendant-appellant.

Before HUG and NORRIS, Circuit Judges, and SOLOMON,* District Judge.

HUG, Circuit Judge.

Sharlene Ono ("Ono"), together with United Food and Commercial Workers Local Union 905 ("Union"), appeals a district court order that vacated an arbitration award in their favor. The only issue on appeal is whether the district court erred when it vacated the arbitration award. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.

Ono was employed by New Meiji Market ("New Meiji"). In November 1983, New Meiji fired Ono for cash register discrepancies. In response, Ono and the Union filed a grievance petition and submitted the matter to arbitration.

The arbitrator found that New Meiji had violated the collective bargaining agreement when it terminated Ono without good cause. She was ordered reinstated with full benefits and seniority, and was awarded back wages.

On February 22, 1985, New Meiji filed in the district court a Petition to Vacate the

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

Arbitration Award. On March 28, 1985, the Union filed a Counterclaim to Confirm the Award Made Pursuant to Arbitration. Each side then moved for summary judgment. On May 15, 1985, the district court granted summary judgment to New Meiji and vacated the arbitration award.

We review *de novo* a district court's grant of summary judgment confirming or vacating an arbitration award. *See Frederick Meiswinkel, Inc. v. Laborer's Union Local 261*, 744 F.2d 1374, 1376 (9th Cir. 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1394, 84 L.Ed.2d 783 (1985).

A district court's review of an arbitrator's award is more limited, however. Unless the arbitral decision fails to "draw[s] its essence from the collective bargaining agreement," *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960), the district court is bound to enforce the award and is not entitled to review the merits of the contract dispute. *See Id.* at 598–99, 80 S.Ct. at 1361–62. This circuit has held that, in determining whether an arbitrator's award draws its essence from the collective bargaining agreement, the district court must accord considerable deference to the arbitrator's judgment. *See Sheet Metal Workers International Association Local Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 744 (9th Cir.1985); *Holly Sugar Corp. v. Distillery, Rectifying, Wine & Allied Workers International Union*, 412 F.2d 899, 903 (9th Cir.1969).

The parties submitted the following issues to the arbitrator:

1. Did the Employer, New Meiji Market, violate the Retail Food, Bakery, Candy and General Merchandise Agreement, July 27, 1981—July 29, 1984, between it and UFCW Local 905, AFL/CIO, when it terminated the employment of Sharlene Ono, on or about November 15, 1983?

2. If so, what remedy or relief should be awarded by the Arbitrator?

In rendering his decision, the arbitrator considered a key provision in the Collective Bargaining Agreement. Article III(A) of the Agreement provides, in relevant part:

A. DISCHARGE FOR CAUSE

1. Employees may be discharged for good cause.

2. Employees who are discharged for failure to perform work as required, or excessive absenteeism, shall first have had a prior warning, in writing, of related or similar offense, with a copy sent to the Union. The employee so notified shall be required to initial such notice, but such initialling shall in no way constitute agreement with the contents of such notice. *Except for failure to call prices, a warning notice shall not be required in the case of a discharge for cash register irregularities, but such alleged irregularities must constitute good cause for the purpose of sustaining said discharge ....*

(Emphasis added.)

After considering the facts in light of this contractual provision, the arbitrator found that New Meiji had violated the collective bargaining agreement by terminating Ono without good cause. Specifically, the arbitrator found that New Meiji had discriminated against Ono by imposing upon her more severe discipline than it had imposed on other employees whom New Meiji had charged with the same conduct. The arbitrator made the following award:

1. The Employer, New Meiji Market violated the Collective Bargaining Agreement between it and ... Local 905, when it terminated the Grievant, Sharlene Ono....

2. It is appropriate that Grievant be reinstated with full benefits and seniority, and receive backpay in such an amount as to make her financially whole so as to account for the work income she lost as a result of her termination.

3. This remedy is not intended to expunge the Grievant's performance record or to necessarily excuse her for the various cash register irregularities involved in this case. The evidence was persuasive that perhaps discipline was appropriate, but not to the extent or in the manner as that given in this instance.

In support of the district court's order to vacate, New Meiji advances two arguments. First, it contends that Article III(A)(2) vests New Meiji with the unfettered right to discharge employees who commit cash register irregularities. New Meiji interprets this clause to mean that once the arbitrator determined that a cash register discrepancy occurred, this finding alone constituted good cause to terminate.

The Union advances a different interpretation. They read the clause to mean that, in addition to the mere showing that a cash register discrepancy occurred, proven irregularities still must be serious enough to constitute good cause. The Union supports this contention by focusing on the word "must" in the phrase, "but such alleged irregularities *must* constitute good cause...." Since *must* was used instead of *shall*, the Union believes that in addition to the preliminary finding that a transgression occurred, the clause also required that the discrepancy be evaluated to determine its severity. The arbitrator agreed with the Union's interpretation of the contract.

Although there is some basis for the construction advanced by New Meiji, the Union's interpretation is the more reasonable interpretation. To use an extreme example, New Meiji is arguing that the clause permits it to discharge an employee for a single discrepancy as *de minimis* as a penny. To interpret the clause as bestowing upon management such an unfettered right to terminate is unreasonable. The question of interpretation is a question for the arbitrator, and since the arbitrator's interpretation draws its essence from the collective bargaining agreement, the arbitrator's interpretation must be accorded considerable deference. The district court should not have vacated the award because it interpreted the agreement differently. *See Enterprise Wheel & Car*, 363 U.S. at 599, 80 S.Ct. at 1362; *International Association of Machinists Local Lodge No. 389 v. San Diego Marine*, 620 F.2d 736, 739 (9th Cir.1980).

New Meiji's second argument, which represents another ground utilized by the district court in support of its order,

is the contention that the award was ambiguous and contradictory, in that the arbitrator acknowledged that New Meiji may have the right to discipline, yet he completely stripped New Meiji of that right. New Meiji argues that no discipline was imposed by the arbitrator, yet he acknowledged that perhaps some discipline was appropriate.

This argument is meritless as well. The parties submitted the issue of discipline to the arbitrator. He determined that discharge was too severe, and although he acknowledged "that perhaps some discipline was appropriate," he decided not to impose discipline. We see nothing ambiguous in his decision. The use of the word "perhaps" in the above quote indicates that the arbitrator perhaps would find no discipline at all equally appropriate. Possibly the arbitrator believed that no discipline had been imposed on others for similar incidents and thus was inappropriate here. Even if a slight ambiguity does exist, the Supreme Court has indicated that minor ambiguities are not a basis for denying enforcement of an arbitration award. *See Enterprise Wheel & Car*, 363 U.S. at 598, 80 S.Ct. at 1361.

REVERSED.