FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIP MORTGAGE INCORPORATED, | No. 24-7624 |
| *Plaintiff - Appellant*, | D.C. No. 2:24-cv-02865-DWL |
| v. | |
| JENNIFER GATES, an Arizona individual, | OPINION |
| *Defendant - Appellee*. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted October 21, 2025
Phoenix, Arizona

Filed December 22, 2025

Before: Richard C. Tallman, Bridget S. Bade, and Kenneth
K. Lee, Circuit Judges.

Opinion by Judge Lee

# SUMMARY[*]

## Arbitration

The panel affirmed the district court's order (1) confirming an arbitration award in favor of Jennifer Gates on claims under the Fair Labor Standards Act and Arizona state law and (2) denying VIP Mortgage Inc.'s petition to vacate the award of unpaid overtime wages, attorneys' fees, and liquidated damages.

VIP contended that the arbitrator erred in awarding attorneys' fees without disallowing time spent on VIP's counterclaims because the arbitrator had previously approved the parties' stipulation to dismiss the counterclaims, which stated that the parties would bear their own fees and costs on the counterclaims.

The panel held that, generally, an arbitrator's unsubstantiated fact finding cannot justify federal court review of an arbitral award under the Federal Arbitration Act. There is, however, a narrow basis for vacatur where the facts are so firmly established that an arbitrator cannot fail to recognize them without manifestly disregarding the law. To vacate an arbitration award based on such an error regarding a legally dispositive fact, the factual error must be dispositive to the disputed legal issue, and the arbitrator must have known about this undisputed fact when she decided the legal issue. In other words, the arbitrator's factual error must

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

have been so critical, obvious, and intentional that it amounted to manifestly disregarding the law.

The panel held that the arbitrator's factual error in apparently not remembering that the parties had agreed to bear their own fees for the settled counterclaims did not fall within the narrow carveout for "legally dispositive facts." VIP met the first prong because the factual error was legally dispositive, but it could not meet the second prong because the fact was not so obvious that the arbitrator must have known about it when she decided Gates's fees motion.

---

**COUNSEL**

Jeffrey W. Toppel (argued), Bianchi & Brandt, Scottsdale, Arizona, for Plaintiff-Appellant.

James Weiler (argued) and Jason Barrat, Weiler Law PLLC, Phoenix, Arizona, for Defendant-Appellee.

**OPINION**

LEE, Circuit Judge:

Federal courts rarely vacate arbitration awards. Even when faced with a legal error, we do not vacate an award unless the arbitrator manifestly disregarded the law, acted completely irrationally, or violated one of the narrow provisions under the Federal Arbitration Act (FAA). For factual errors, our review is even more deferential: We generally do not vacate an award based on a factual error and only recognize a narrow exception for "legally dispositive facts." *See Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1025–26 (9th Cir. 1991).

In this case, we address the contours of this carveout for "legally dispositive facts." To vacate an award based on this ground, (1) the factual error must be dispositive to the disputed legal issue, and (2) the arbitrator must have known about this undisputed fact when she decided the legal issue. In other words, the arbitrator's factual error must have been so critical, obvious, and intentional that it amounted to manifestly disregarding the law.

Here, the arbitrator awarded attorneys' fees to the plaintiff—including for time spent on the settled counterclaims—even though the parties had earlier agreed to bear their own attorneys' fees and costs for those counterclaims. The arbitrator apparently ignored this fact, but the parties never reminded her about this stipulation when they briefed the attorneys' fees issue over a year later. The record suggests that the arbitrator merely forgot about

the stipulation. We thus affirm the district court's ruling that this factual error does not warrant vacatur.[1]

## BACKGROUND

VIP Mortgage is in the business of mortgage loan banking and brokering. Jennifer Gates worked for VIP as a loan officer beginning in May 2016 until she resigned in September 2022. After she resigned, Gates filed a demand for arbitration under the arbitration provision in her employment agreement. The arbitration provision provided that the FAA would govern any dispute, and that attorneys' fees "shall [be] award[ed]" "consistent with the statute at issue," *i.e.*, the Fair Labor Standards Act (FLSA).

In Gates' demand for arbitration, she alleged that VIP and her supervisor Brandon Hendrick violated the FLSA and an Arizona state law by withholding overtime pay. Gates also alleged that the defendants required her to work over forty hours a week but did not compensate her for overtime hours. She later testified that she was instructed to record eight-hour workdays on her timesheet. In response, VIP counterclaimed, alleging breach of fiduciary duty and breach of contract.

Before the arbitrator issued the final award, the parties agreed to settle VIP's counterclaims. In April 2023, the arbitrator approved the stipulation to dismiss the counterclaims, which stated that parties would bear their own fees and costs. Fourteen months later in June 2024—after the arbitrator had issued an interim award for Gates—VIP filed a brief objecting to Gates' request for attorneys'

---

[1] We address other issues raised on appeal in a concurrently-filed memorandum disposition.

fees but it did not remind the arbitrator about the stipulation dismissing the counterclaims.

In the final award, the arbitrator awarded Gates unpaid overtime wages under the FLSA, attorneys' fees, and liquidated damages in the total amount of $650,805.41. In awarding attorneys' fees, the arbitrator reduced the lodestar hourly rate in response to VIP's objections, but it still awarded the bulk of the requested fees, explaining that Gates is "the prevailing party in this action" and "was successful in this matter, and not to a de minimis degree." The arbitrator, however, did not distinguish between time spent on Gates' claims and the counterclaims.

VIP petitioned the district court to vacate or modify the award, and Gates moved to confirm the award. The district court concluded the arbitrator's award was not "completely irrational or emblematic of a manifest disregard of the law," noting that the final award decision was "unusually detailed and carefully reasoned." The district court thus denied VIP's petition to vacate the award and granted Gates' motion to confirm the award. On appeal, VIP raises a variety of challenges, including whether the arbitrator erred in awarding Gates attorneys' fees for the counterclaims.

## STANDARD OF REVIEW

"We review a district court's decision to confirm or vacate an arbitration award de novo." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022).

## DISCUSSION

### I.  The district court correctly held that the arbitrator did not exceed her authority by awarding attorneys' fees for the settled counterclaims.

The FAA sets "a high standard for vacatur," affording courts "extremely limited authority to review arbitration awards." *Id.* at 1239–40. Section 10 of the FAA authorizes vacatur only where (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption in the arbitrators"; (3) "the arbitrators were guilty of misconduct"; and (4) where "the arbitrators exceeded their powers, or so imperfectly executed them that a . . . final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). In construing that last statutory basis for vacatur, we have held that "arbitrators 'exceed their powers' . . . not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' or exhibits a 'manifest disregard of law.'" *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citations omitted).

In other words, we will not disturb even an incorrect legal decision by an arbitrator unless it was completely irrational or reflected manifest disregard of the law. For example, courts do not "decide the rightness or wrongness of the arbitrators' contract interpretation"—we must only decide "whether the panel's decision 'draws its essence' from the contract." *Pac. Reinsurance Mgmt. Corp.*, 935 F.2d at 1024 (quoting *New Meiji Market v. United Food & Comm'l Workers Loc. Union 905*, 789 F.2d 1334, 1335 (9th Cir. 1986)). We cannot "vacate an award simply because we

might have interpreted the contract" or statute "differently." *Bosack v. Soward*, 586 F.3d 1096, 1107 (9th Cir. 2009).

There is good reason for this generous deference. "Broad judicial review of arbitration decisions could well jeopardize the very benefits of arbitration, rendering informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). We heed Congress' judgment that courts should have limited ability to review arbitration awards. *Id*. Parties engaging in arbitration may trade "greater certainty of correct legal decisions by federal courts" for the efficiency and flexibility of arbitration, but that is their choice to make. *Id*.

## A. We review factual errors even more deferentially than legal ones and have only recognized the "legally dispositive fact" exception.

Generally, an arbitrator's "unsubstantiated factual finding" cannot "justify federal court review of an arbitral award under the FAA." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (citation modified). As we have explained, "[i]t is not enough to show that the panel committed an error—or even a serious error." *Lagstein*, 607 F.3d at 641 (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (citation modified)). Nor does a "[m]anifest disregard of the facts" provide a basis to vacate an arbitration award. *Coutee v. Barington Cap. Grp.*, 336 F.3d 1128, 1133 (9th Cir. 2003).

But we have recognized a narrow basis for vacatur where the facts are "so firmly established that an arbitrator cannot fail to recognize them without manifestly disregarding the

law." *HayDay Farms*, 55 F. 4th at 1243 (citing *Coutee*, 336 F.3d at 1133). Under this "legally dispositive fact" vacatur ground, the arbitrator's factual error must be so "egregious" and central to the legal issue that it amounts to manifestly disregarding the law. *See Pac. Reinsurance Mgmt. Corp.*, 935 F.2d at 1025. The record thus must show that the arbitrator intentionally ignored a critical, undisputed fact that would have determined a legal issue in the arbitration.

Put another way, the "legally dispositive fact" basis for vacatur applies if (1) the factual error was so critical to the disputed legal issue that it determined the outcome of that issue, and (2) the fact was so obvious and undisputed that the arbitrator must have known about it when she decided the legal issue.

## B. The narrow "legally dispositive fact" vacatur basis does not apply here.

The arbitrator's factual error here—apparently not remembering that the parties had agreed to bear their own fees for the settled counterclaims—does not fall within the narrow carveout for "legally dispositive facts."

To be sure, VIP meets the first prong of the "legally dispositive fact" basis for vacatur. Had the arbitrator recognized that the parties agreed to pay their own fees for the counterclaims, she would have ruled for VIP on this question. But VIP cannot meet the second prong—that this fact was so obvious that the arbitrator must have known about it when she decided the fees motion. By the time the arbitrator issued the final award, it had been over a year since she had entered the order approving the stipulation to dismiss the counterclaims. Critically, VIP did not rely on, or remind the arbitrator of, the stipulation's fees provision

when it objected to the motion for attorneys' fees fourteen months later.

Given that the fees request for the counterclaims was a minor issue in the arbitration, the arbitrator may not have remembered the details of that stipulation. And because VIP did not mention that stipulation in its briefing, the arbitrator awarded attorneys' fees without distinguishing between time spent on Gates' claims and that devoted to the counterclaims. The arbitrator merely explained that "[Gates] was successful in this matter, and not to a de minimis degree" in awarding attorneys' fees.

Our case law illustrates the high bar set by the "legally dispositive fact" basis—and how the error here does not clear that bar. As we stated in *HayDay Farms*, the "quintessential example" of a "legally dispositive fact" comes from *American Postal Workers Union v. U.S. Postal Serv.* 55 F. 4th at 1243; 682 F.2d 1280, 1284 (9th Cir. 1982). In that case, the arbitrator held that a postal worker did not participate in a strike, even though it was undisputed that he did. *American Postal Workers Union*, 692 F.2d at 1284. Whether the worker participated in a strike was the key issue in the arbitration because it determined whether he would be reinstated. *Id.* We held that the arbitrator was aware of this fact but ignored it as a form of compromise. *See id.* at 1284 ("[W]e conclude that the award of reinstatement does not reflect any doubt in the arbitrator's mind as to whether Murphy participated in a strike. Rather, the award demonstrates the arbitrator's belief that the penalty was too severe and should be reduced."). The arbitrator there was put on notice of this critical fact but ignored it to apply his own form of justice.

That is unlike the facts here. While the stipulation here determined the fees issue for the counterclaims, it was still an ancillary matter in the arbitration with no bearing on whether VIP ultimately violated the FLSA. Indeed, the record indicates that the parties did not remind the arbitrator of the stipulation she had entered over a year before she entered the final arbitration award, which suggests that the arbitrator forgot about it. We are not convinced that the arbitrator ignored a legally dispositive fact to orchestrate a desired outcome.

In short, this is not one of those "egregious cases" where vacatur is warranted. *Pac. Reinsurance Mgmt. Corp.*, 935 F.2d at 1025. Though the arbitrator may have erred, such errors are risks inherent in arbitration proceedings. And because VIP "accepted this risk when [it] consented to arbitration[,] [it] cannot now claim the benefits of expanded judicial review because the award[] [was] unfavorable to [it]." *Bosack*, 586 F.3d at 1107.

## CONCLUSION

We **AFFIRM** the district court's rulings to confirm the arbitration award and deny the motion to vacate the arbitration award.